| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor 1 | SEAN | GAETE |
| | First Name        Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filling) | First Name        Middle Name | Last Name |
| United States Bankruptcy Court for the: SOUTHERN District of FLORIDA | | |
| Case number (If known) | 23-10589 | |

Official Form 427

# Cover Sheet for Reaffirmation Agreement                    12/15

**Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.**

| Part 1: | Explain the Repayment Terms of the Reaffirmation Agreement |
|---|---|

| | |
|---|---|
| **1. Who is the creditor?** | Capital One Auto Finance, a division of Capital One, N.A. <br> Name of the creditor |
| **2. How much is the debt?** | On the date that the bankruptcy case is filed                    $16,013.66 <br><br> To be paid under the reaffirmation agreement                    $16,013.66 <br><br> subject to the terms of the reaffirmed pre-petition loan documents. Pay-off as of 01/25/2023 <br><br> $381.56 per month for 48 months (if fixed interest rate) **or** until paid as per the terms of the reaffirmed pre-petition loan document (on the maturity date, all outstanding amounts owed under this reaffirmation agreement shall be immediately due and payable). *See additional terms at end of cover sheet, if applicable.* |
| **3. What Is the Annual Percentage Rate (APR) of Interest? (See Bankruptcy Code § 524(k)(3)(E).)** | Before the bankruptcy case was filed                    6.950% <br> Under the reaffirmation agreement                    6.950%                    ☒ Fixed Rate <br>                    ☐ Adjustable Rate |
| **4. Does collateral secure the debt?** | ☐ No <br> ☒ Yes.        Describe the collateral. 2020 Toyota Camry Sedan 4D SE 2.5L I4 VIN: 4T1G11AK4LU324062 <br>                    Current market value $24,600.00 |
| **5. Does the creditor assert that the debt is nondischargeable?** | ☒ No <br> ☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable. |
| **6. Using information from *Schedule I: Your Income* (Official Form 106I) and *Schedule J: Your Expenses* (Official Form 106J), fill in the amounts.** | **Income and expenses reported on Schedules I and J** <br> 6a. Combined monthly income from line 12 of Schedule I                    $ 1,803.41 <br><br> 6b. Monthly expenses from line 22c of Schedule J                    $ 2,791.56 <br><br> 6c. Monthly payments on all reaffirmed debts not listed on Schedule J                    $ 0 <br><br> 6d. **Scheduled net monthly income**                    $ [-988.15] <br> Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | **Income and expenses stated on the reaffirmation agreement** <br> 6e. Monthly income from all sources after payroll deductions                    $ 1,803.41 <br><br> 6f. Monthly expenses                    $ 2,791.56 <br><br> 6g. Monthly payments on all reaffirmed debts not included in monthly expenses                    $ 0 <br><br> 6h. **Present net monthly income**                    $ [-988.15] <br> Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets. |

| Debtor 1 | SEAN | GAETE | | Case number (if known) 23-10589 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| 7. | Are the income amounts on lines 6a and 6e different? | ☑ No<br>☐ Yes. | Explain why they are different and complete line 10. _____ |
|---|---|---|---|
| 8. | Are the expense amounts on lines 6b and 6f different? | ☑ No<br>☐ Yes. | Explain why they are different and complete line 10. _____ |
| 9. | Is the net monthly income in line 6h less than 0? | ☐ No<br>☑ Yes. | A presumption of hardship arises (unless the creditor is a credit union).<br><br>Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.<br>The debtor will continue to make payments on the reaffirmed debt and pay other living expenses with the money earned from his employment. |
| 10. | Debtor's Certification about lines 7-9<br><br>If any answer on lines 7-9 is *Yes*, the debtor must sign here.<br><br>If all the answers on lines 7-9 are *No*, go to line 11. | | I certify that each explanation on lines 7-9 is true and correct.<br><br>X _~Sean Gaeto~_ _____      X _____<br>Signature of Debtor 1                    Signature of Debtor 2 (Spouse Only in a Joint Case) |
| 11. | Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No<br>☑ Yes. | Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>☐ No<br>☑ Yes. |

---

| **Part 2:** | **Sign Here** |
|---|---|

| Whoever fills out this form must sign here. | I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties Identified on this *Cover Sheet for Reaffirmation Agreement*.<br><br>X _S P Tandlekar_ _____    Date _03/02/2023_<br>                                                MM/DD/YYYY<br><br>_Shubham Tandlekar_<br>Printed Name<br><br>Check one:<br><br>☐ Debtor or Debtor's Attorney<br>☑ Creditor or Creditor's Attorney |

---

☐ *Additional Terms:*

This form 427 has been modified by AIS in conformance with FED. R. BANKR. P. 4008 and compliance with 11 U.S.C. § 524(c). This Form 427, as modified, is substantially similar to Official Form 427.

Form 2400A (12/15)                                                                                    Page 3

Check one.
- ☑ **Presumption of Undue Hardship**
- ☐ **No Presumption of Undue Hardship**

*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF FLORIDA

In re    SEAN GAETE _____          Case No.    23-10589 _____
                         Debtor(s)                            Chapter    7 _____

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** Capital One Auto Finance, a division of Capital One, N.A.

☐ Check this box if Creditor is a Credit Union

## PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Automobile

B. ***AMOUNT REAFFIRMED:*** $16,013.66

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before 02/06/2023, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is 6.950%.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)* ☒ Fixed rate    ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form 2400A, Reaffirmation Documents                                                        Page 4

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☒   $381.56 per month for 48 months starting on February 02, 2023.

☐   Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

E. Describe the collateral, if any, securing the debt:

| | |
|---|---|
| Description: | 2020 Toyota Camry Sedan 4D SE 2.5L I4    VIN: 4T1G11AK4LU324062 |
| Current Market Value | $24,600.00 |

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☒ Yes.   What was the purchase price for the collateral?               $22,108.96
☐ No.    What was the amount of the original loan?                     $_____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

| | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $16,013.66 | $16,013.66 |
| Annual Percentage Rate | 6.950% | 6.950% |
| Monthly Payment | $381.56 | $381.56 |

**Unless otherwise changed in this reaffirmation agreement, I (we) reaffirm all other terms and conditions of the credit agreement. Any changes to the credit agreement contained in this reaffirmation agreement will not be effective if this reaffirmation agreement is rescinded or disapproved by the court.**

The terms stated herein are contingent upon the execution and filing of the reaffirmation agreement prior to the discharge or, if applicable, approval of the reaffirmation agreement by the court. Any loan extensions, modifications, late payments, payments to principal or other accruals of interest may alter the contractual paid in full date or final payment amount otherwise set forth in this reaffirmation agreement or the reaffirmation agreement cover sheet.

H. ☐   Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one. ☑ Yes    ☐ No

B. Is the creditor a credit union?

Check one. ☐ Yes    ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

    1.    Your present monthly income and expenses are:

        a. Monthly income from all sources after payroll deductions (take-home pay plus any other income)    $ 1,803.41

        b. Monthly expenses (including all reaffirmed debts except this one)    $ 2,791.56

        c. Amount available to pay this reaffirmed debt (subtract b. from a.)    $ 0

        d. Amount of monthly payment required for this reaffirmed debt    $ 381.56

        *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

    2.    You believe this reaffirmation agreement will not impose an undue hardship on me or my dependents because:

        Check one of the two statements below, if applicable:

        ☐ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

        ☑ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

        Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes", check the following statement, if applicable:

        ☐ You believe this reaffirmation agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

Form 2400A, Reaffirmation Documents                                              Page 6

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date: 02/07/2023                      Signature: _Sean Gaete_

                                      Sean Gaete - *Debtor*

Date: _____                     Signature: _____

                                      *Joint Debtor, if any*

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor          Capital One Auto Finance, a division of     AIS Portfolio Services, LLC
                  Capital One, N.A.                           4515 N Santa Fe Ave
                                                              Oklahoma City, OK 73118

**Shubham Tandlekar** *Print Name*                           *Address*

                  AIS Portfolio Services, LLC Bankruptcy
                  Servicer for                               _S P Tandlekar_
                  Capital One Auto Finance, a division of
                  Capital One, N.A.                                                        03/02/2023

                  *Print Name of Representative*                  *Signature*              *Date*

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

> *To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☑ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 2/7/2023          Signature of Debtor's Attorney: _____

                       Print Name of Debtor's Attorney: JOSE SABATIER

# PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

A.        DISCLOSURE STATEMENT

1.    **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.    **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.    **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.    **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.

5.    **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

Please send any Notice of Rescission of this Reaffirmation Agreement via physical & electronic mail to the following addresses for quicker processing:

AIS Portfolio Services, LLC
4515 N Santa Fe Ave
Oklahoma City, OK 73118
ECFNotices@aisinfo.com

6. **When will this reaffirmation agreement be effective?**

   **a. If you *were represented* by an attorney during the negotiation of your reaffirmation agreement and**

   **i. if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

   **ii. if the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

   **b. If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement,** the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing,at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B.    **INSTRUCTIONS**

1. Review these Disclosures and carefully consider the decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form 2400B to do this.

Form 2400A, Reaffirmation Documents                                                                                                              Page 9

C.          **DEFINITIONS**

1.    **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2.    **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage Rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3.    **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

* This form 2400A has been modified by AIS Portfolio Services, LLC in conformance with FED. R. BANKR. P. 4008 and compliance with 11 U.S.C. § 524(c). This Form 2400A, as modified, is substantially similar to Official Form 2400A.

United States Bankruptcy Court
Southern District of Florida

In re:  Sean Gaete                                      Case No. 23-10589-PGH
Debtor                                                            Chapter 7

### Affidavit of Attorney Re: Presumption of Undue Hardship

State of Florida            ) ss.
Miami Dade County    )

1. I, Jose Sabatier, represented Debtor during the course of negotiating the Reaffirmation Agreement.
2. The Reaffirmation Agreement between Debtor and AIS Portfolio Services, LLC, Bankruptcy Servicer for Capital One Auto Finance, represents a fully informed and voluntary agreement by Debtor.
3. Although the figures on the Reaffirmation Agreement reflect that there is a presumption of hardship, after speaking with Debtor about his financial circumstances, I do not believe the agreement, itself, will impose an undue hardship on Debtor.
4. In the Reaffirmation Agreement, Debtor reaffirms the debt owed to Capital One Auto Finance, which is a secured debt, and is secured by his 2020 Toyota Camry.
5. Per Debtor, a portion of the income from his employment as an Uber driver has always been allocated toward prioritizing payment of his monthly installment payments to Capital One Auto Finance for the debt on the vehicle.
6. Even with his income and expenses being the amounts listed in the schedules and the Reaffirmation Agreement, Debtor has remained current on his installment payments on the vehicle.
7. Debtor prioritizes this debt because, as stated above, it is secured by the 2020 Toyota Camry, which he uses daily in pursuing his sole source of income as an Uber driver.
8. Per Debtor, after prioritizing paying his car payment, Debtor alternates on a monthly basis the timeliness of payment on other, non-priority bills.
9. Debtor also explained that given the nature of Uber driving, he may earn more money in some months than others, or could give more rides, if needed.
10. Debtor has explained that regardless of whether this Reaffirmation Agreement is approved, Debtor plans to—and must—continue making monthly payments on this secured debt because he cannot risk losing the vehicle since it is the primary instrument he uses in his job as an Uber driver.
11. If he does not reaffirm the debt, Debtor runs the risk of Capital One Auto Finance repossessing the vehicle.
12. Such repossession would result in greater hardship to Debtor, who would then lose the vehicle he uses to earn his sole source of income as an Uber Driver.

United States Bankruptcy Court
Southern District of Florida

In re:  Sean Gaete                                    Case No. 23-10589-PGH
Debtor                                                        Chapter 7

13. Debtor seeks to avoid this risk of repossession, and to maintain the status quo of timely payments being made, by entering into this Reaffirmation Agreement.

14. Reaffirming this debt ensures Debtor does not lose the vehicle to any repossession based solely on the filing of the instant bankruptcy case.

15. In the event Debtor fails to pay as agreed under the Reaffirmation Agreement, his personal liability for the debt will be reduced by any proceeds received from any post-repossession sale of the vehicle.

16. Given that Debtor, even with his difficult financial circumstances, has remained current on his car payments to the debt, given that Debtor uses the vehicle to earn his sole source of income, and given that Debtor must pay the debt regardless of whether the Reaffirmation Agreement is approved if he wants to keep the vehicle from being repossessed for nonpayment, I do not think Debtor entering into the Reaffirmation Agreement with Capital One Auto Finance, would impose an undue hardship on Debtor.

17. I fully advised Debtor of the legal effect and consequences of a Reaffirmation Agreement and of any default under such agreement.

_____
Jose Sabatier
Attorney for Debtor

Sworn to and subscribed before me by means of physical presence this _7th_ day of _February_, 2023 by _Jose Sabatier_, who is known to me, or presented _____ as identification.

_____
Notary Public Signature

CORALIA RODRIGUEZ
MY COMMISSION # HH 243639
EXPIRES April 4, 2026

_____
Notary Public Printed Name

My Commission Expires: